■ In the Matter of RUTHANNE McMILLEN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Tompkins County) to review a determination of respondent State Commissioner of Social Services which affirmed a determination of the Schuyler County Department of Social Services denying petitioner public assistance in the category of Home Relief. Petitioner was a resident of Tompkins County and employed as a receptionist for the New York State Employment Service in Tompkins County, when, during February of 1980, she moved to Schuyler County. Since her

position as a receptionist was conditioned upon her residing in Tompkins County, her move necessitated her surrendering her job with the Employment Service, and subsequently, on March 11, 1980, she applied for public assistance in Schuyler County. This application was denied by the Schuyler County Department of Social Services, which disqualified petitioner from receiving public assistance for 75 days from the date she left her employment, pursuant to subdivision 10 of section 131 of the Social Services Law, upon the ground that she had voluntarily terminated her former employment in order to qualify for public assistance or a larger amount thereof. Following a hearing on the matter, respondent Blum affirmed this 75-day disqualification of petitioner, and the instant proceeding ensued. Under these circumstances, petitioner obviously had the burden of establishing that, in terminating her employment, she was "free of the impermissible benefit-seeking motive" proscribed by subdivision 10 of section 131 of the Social Services Law and its implementing regulations (18 NYCRR 385.8 [c]) and of offering valid alternative reasons for her termination of employment other than the desire to obtain public assistance (*Lavine v Milne,* 424 US 577, 584; see, also, *Matter of Rucker v Blum,* 85 AD2d 918). Here, petitioner's stated primary reason for moving was to be able more frequently to visit her husband of three weeks, who, at the time of the marriage, was an inmate of the State Correctional Facility at Otisville, New York, but who, shortly after the ceremony, was transferred to Camp Monterey, a minimum security facility located near the Hamlet of Beaver Dam in Schuyler County, some 24 miles away from petitioner who had no personal means of transportation. However, there is nothing in the record to demonstrate that petitioner, at the time of her move, had any financial resources, had ever made any inquiry as to possible job opportunities in her new location or that she had any prospect thereof so as to enable her to provide for herself. Given these circumstances, petitioner's reason for leaving her employment certainly does not overcome the statutory presumption and instead the total lack of resources and planning provides substantial evidence in support of respondent's determination. The requirement that needy people help themselves to the extent that they are able to do so is reasonable and the mandatory suspension of benefits is reasonably related to an accomplishment of that purpose (*Matter of Barie v Lavine,* 48 AD2d 36, affd 40 NY2d 565). Petitioner's secondary or alternative reason for moving, one of health, has no medical support in the record and "as with any administrative determination of fact, the [commission's] assessment of the credibility of witnesses and the inferences to be drawn from the evidence is conclusive if supported by substantial evidence" (*Matter of Di Maria [Ross],* 52 NY2d 771, 772). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.