■ In the Matter of Louis Barnett, Petitioner, v Cesar Perales, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of respondent State Commissioner of Social Services which sustained the discontinuance of petitioner's grant of public assistance for 30 days.

Petitioner was a recipient of public assistance. Pursuant to Social Services Law § 131 (1) and 18 NYCRR 385.1, the Broome County Department of Social Services determined that he was an employable public assistance recipient, required his participation in a work-relief program and assigned him a job at a Salvation Army Thrift Store. A letter was sent to petitioner informing him of the assignment and explaining that, if he failed to report to work without good cause or did not work the required number of hours, his benefits would be terminated or suspended. Petitioner reported to work as directed. However, the supervisor of the thrift shop terminated him during the second day he reported for work. According to her, when he came in on his first scheduled work day, his appearance was unkempt and slovenly; his clothes were filthy, his stomach was protruding, his pants were not zippered and his belt was unbuckled. He was advised that he was unkempt and instructed to return on his next scheduled work day dressed in clean clothes. When he returned on that day, again according to the supervisor, he arrived in precisely the same condition. The supervisor informed him that his appearance was not acceptable. She offered him clean clothes, but he was surly and would not accept them. She apprised him that if he did not return on his next reporting day properly attired she would report that he was uncooperative and that he refused to

comply with her instructions. Later that day, the supervisor offered petitioner a box full of clean clothes. Once again he declined the offer, and she then fired him.

On review, petitioner challenges that the administrative determination was not supported by substantial evidence. We disagree. Although the evidence submitted consisted primarily of written or oral reports made to petitioner's caseworkers, hearsay is admissible in administrative hearings and may be relied upon to reach a determination (*Matter of Eagle v Paterson*, 57 NY2d 831, 833; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180, n). There was sufficient evidence that petitioner's appearance was unacceptable for participation in the work-relief program at the Salvation Army Thrift Shop and that he was advised of that on his first day of work. That being the case, respondent State Commissioner of Social Services could rationally conclude that petitioner's obdurate and defiant return to work in the very same condition on the next succeeding reporting day and his sullen rejection of the supervisor's offer of more acceptable clothing constituted a willful refusal to participate in the work-relief program (18 NYCRR 385.7). The Commissioner's interpretation of the provisions of the social services regulations, if not irrational or unreasonable, must be upheld, and we cannot say that his construction of the pertinent phrase in the regulation was unreasonable here (*Matter of Rucker v Blum*, 85 AD2d 918, 919).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.