■ In the Matter of DANSON WAMAHIU, Petitioner, v JOHN J. FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which discontinued petitioner's grant of public assistance for 30 days.

Petitioner was a recipient of public assistance. The Albany County Department of Social Services (DSS) determined that he was an employable public assistance recipient and, pursuant to Social Services Law § 131 (5) and 18 NYCRR 385.3, he was required to register with the New York State Employment Service and attend job interviews set up for him. Thereafter, he was scheduled for interviews with Tehan's and the Children's Outlet in Northway Mall in the Town of Colonie. Petitioner scheduled an interview for the same day with the Manpower Employment Agency (Manpower), which is located less than one mile from Northway Mall. His caseworker advised him as to the order in which he should attend the interviews and the buses he should take to get there. Petitioner went to Manpower and then to Tehan's, as instructed, but he did not attend an interview at the Children's Outlet. DSS subsequently determined that he had willfully failed to comply with DSS work rules and imposed a 30-day loss of public assistance as a sanction. After a hearing, respondent State Commissioner of Social Services (Commissioner) affirmed DSS's initial determination.

On review, petitioner alleges that he did not willfully fail to comply with DSS's work rules and that the Commissioner's determination was arbitrary and capricious. We disagree with these contentions. Petitioner testified at his hearing that he did not arrive at his first interview with Manpower until 2:30 P.M. on the day in question because the woman he lived with did not arrive home until 12:30 P.M. and she had the only key which could lock the door of his apartment. Petitioner stated that he spent approximately one hour at Manpower and then went to Tehan's, where he remained until 5:05 P.M. According to petitioner, at that point he assumed that the Children's Outlet office would be closed and that he would not be able to submit an application, so he went home. The records submit-

ted by DSS included a statement from Tehan's, to the effect that petitioner filled out an application there at 4:10 P.M. on the relevant date, and notes from petitioner's caseworker. These notes indicated that petitioner told the caseworker that he did not attend the interviews earlier in the day because he could not find Northway Mall and that he did not go to the Children's Outlet because he did not really want the job there since it consisted of retail bookkeeping.

The Commissioner did not find petitioner's testimony credible and held that petitioner's conduct in failing to leave his house at an earlier time and in failing to stop at the Children's Outlet constituted a willful failure to report for an interview (see, 18 NYCRR 385.7 [a] [2] [i]). Contrary to petitioner's assertions, the Commissioner was not bound to accept petitioner's version of the events surrounding his failure to attend the interview (see, Matter of McMillen v Blum, 88 AD2d 1032, 1033). Furthermore, the Commissioner's finding that petitioner's excuses for not attending an interview at the Children's Outlet did not constitute good cause (see, 18 NYCRR 385.7 [c]) was not arbitrary and capricious. The Commissioner's interpretation of the provisions of the Social Services regulation, if not unreasonable, must be upheld, and we cannot say that his construction of the pertinent regulation was unreasonable here (see, Matter of Barnett v Perales, 115 AD2d 118; Matter of Rucker v Blum, 85 AD2d 918, 919).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.