■ In the Matter of FLORENCE STEVENSON, Petitioner, v MICHAEL DOWLING, as Commissioner of New York State Department of Social Services, et al., Respondents. [647 NYS2d 98] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated April 6, 1993, which, after a hearing, denied the petitioner's application for replacement of a public assistance check from the second cycle of August 1989.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner is a public assistance recipient who claims that she did not receive her second semi-monthly payment for August 1989. The New York City Department of Social Services Fraud Control Unit investigated the petitioner's claims that she did not receive her payment. The Fraud Control Unit determined that the funds had been disbursed and the petitioner received her payment. Following a fair hearing, the respondent upheld the decision not to issue a replacement

check for the disputed amount. Specifically, the respondent noted that the petitioner's claim "was not credible as the testimony was not consistent with her conduct".

As the reviewing court, our role is limited to questions of law and to a determination as to whether the record reveals a rational basis for the agency's action (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of DiPalma v Suardy,* 207 AD2d 397). Where conflicting inferences may be drawn from the testimony, we may not weigh the evidence or reject the choice made by the agency (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Soto v New York State Dept. of Motor Vehicles,* 203 AD2d 370). Applying these standards, we conclude that there is substantial evidence in the record to support the respondent's determination that the petitioner received her funds for the period in question and therefore was not entitled to replacement of those funds (*see, Matter of McMillen v Blum,* 88 AD2d 1032; *Matter of Shook v Blum,* 80 AD2d 679). O'Brien, J. P., Thompson, Altman and Florio, JJ., concur.