■ LAWRENCE G. MEADES, Petitioner, v JOSEPH E. SPINNATO, as Commissioner of the New York City Fire Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Fire Department dated July 11, 1985, which, after a hearing, found the petitioner guilty of misconduct, and terminated his employment as a fire prevention inspector in the New York City Fire Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner joined the New York City Fire Department in 1980 as a fire prevention inspector. Thereafter, the petitioner was arrested and charged with the crime of receiving unlawful gratuities, arising out of an incident which occurred on January 3, 1983. Eventually, the petitioner entered a plea of guilty to the crime of attempted receipt of unlawful gratuities. Specifically, the following appears in the plea allocution:

"THE COURT: You are pleading guilty because you are in fact guilty?

"DEFENDANT MEADES: Yes.

"THE COURT: In that you took $45 from [a named person] for compensation that you weren't supposed to take * * *

"DEFENDANT MEADES: Yes, sir."

The petitioner was ultimately sentenced to pay a fine of $250 or to serve 30 days in jail.

Subsequently, the petitioner was charged by the New York City Fire Department with misconduct, arising out of the incident which occurred on January 3, 1983. At his disciplinary hearing, the petitioner attempted to offer evidence as to his version of the January 3, 1983 incident, i.e., that he never received any unlawful gratuity. The Administrative Law Judge refused to receive this evidence on the ground that the petitioner's guilty plea collaterally estopped him from relitigating the factual issues involved.

In the instant proceeding, the petitioner claims, *inter alia,* that the Administrative Law Judge's ruling in this regard was erroneous. We disagree.

It is well settled that "a guilty plea is equivalent to a conviction after trial for issue preclusion purposes and that a guilty plea precludes relitigation in a subsequent civil action of all issues necessarily determined by the conviction" *(Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495, 504). Accordingly, the petitioner's guilty plea was correctly given collateral estoppel effect *(Merchants Mut. Ins. Co. v Arzillo, supra).* In addition, the petitioner's guilty plea was sufficient to support the Administrative Law Judge's determination *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

Finally, the punishment of dismissal which was imposed in the instant matter was not "shocking to one's sense of fairness" in view of the nature of (1) the petitioner's employment (i.e., insuring fire safety) and (2) the crime to which he pleaded guilty *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.