■ In the Matter of MARVIN CASID, Petitioner, v Ross A. PRINZO, JR., as Commissioner of the Albany County Department of Social Services, et al., Respondents. [649 NYS2d 64] —Per

Curiam. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which, *inter alia*, discontinued petitioner's public assistance benefits.

Petitioner was a recipient of Medicaid, home relief and food stamps. In February 1995, the Albany County Department of Social Services (hereinafter DSS) designated petitioner as an employable public assistance recipient eligible to participate in the "Work Through Independence" program (hereinafter WTI), one of several JOBS programs designed to employ home relief recipients unable to find employment in the regular economy (*see*, 18 NYCRR 385.13 [a]). At petitioner's subsequent interview with John Le Mina, a WTI placement coordinator, petitioner became disruptive and refused to discuss potential work assignments on the ground that DSS was subjecting him to alleged harassment. Petitioner subsequently refused to discuss WTI job assignments at a conciliation conference with Sandra O'Neil, a DSS representative. As a result, petitioner was notified that he would be penalized by the discontinuance of his home relief and Medicaid benefits for 75 days and by the suspension of his food stamp allowance for two months.

A hearing was held before an Administrative Law Judge which resulted in a determination that petitioner had willfully and without good cause failed to participate in the WTI project and that the suspension of his public assistance benefits was warranted. Petitioner commenced this CPLR article 78 review proceeding which was transferred to this Court.

Initially, petitioner contends that respondents knew or should have known from observing his erratic behavior that his psychological problems render him unemployable. As a result, he claims that his benefits should not have been discontinued before respondents obtained a medical opinion as to whether he is employable (*see*, 18 NYCRR 385.4 [b] [1] [ii]). A review of the record discloses, however, that DSS sent petitioner for a medical evaluation prior to his assignment to the WTI project and the examining physician determined petitioner to be "employable". Moreover, it appears from the record that petitioner refused to submit to a psychiatric evaluation. Under the circumstances, we cannot conclude that DSS violated the applicable regulations.

We further find that the determination discontinuing petitioner's benefits was based upon substantial evidence in the record. Upon review of the record, we find sufficient proof to support the finding that petitioner failed to participate in

the WTI interview process. As a recipient of public assistance evaluated as "employable", petitioner's participation was mandatory (*see*, 18 NYCRR 385.2, 385.13). Accordingly, we find that the determination was correct and that the suspension of petitioner's benefits was warranted (*see generally*, *Matter of Allen v Dowling*, 214 AD2d 446, 447; *Matter of Wamahiu v Fahey*, 119 AD2d 916, 917).

Finally, petitioner claims that DSS failed to provide him with adequate notice of its intent to discontinue his public assistance benefits. We have examined petitioner's argument on this point and find it to be unpreserved for appellate review and, in any event, unpersuasive.

Cardona, P. J., Mercure, Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.