■ In the Matter of BiCOUNTY BROKERAGE SOUTH CORP., Petitioners, v STATE OF NEW YORK INSURANCE DEPARTMENT et al., Respondents. [771 NYS2d 690]—

Proceeding pursuant to CPLR article 78 to review two determinations of the respondent New York State Superintendent of Insurance, both dated March 20, 2002, which revoked the petitioners' licenses to transact insurance business pursuant to Insurance Law § 2110, and imposed civil penalties upon them pursuant to Insurance Law § 403, respectively.

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The corporate petitioners are closely-held corporations. The petitioner Robert F. Kent is their owner, president, and director. The petitioners operated three offices and Kent employed his brother-in-law to manage one of those offices. The instant proceeding involves a series of applications for workers' compensation insurance filed from each of the three offices which contained material falsities relating to the occupation or business of the insured.

In the instant proceeding pursuant to CPLR article 78, the standard of review is whether the determinations are supported by substantial evidence (*see Matter of Grace & Sons v New York State Dept. of Motor Vehs.*, 266 AD2d 456 [1999]; *Matter of Williams v Perales*, 156 AD2d 697 [1989]; CPLR 7803 [4]). It is well settled that hearsay is admissible at an administrative hearing and "hearsay alone may constitute substantial evidence" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]; *see Matter of Gray v Adduci*, 73 NY2d 741 [1988]; *Matter of Nieto v DeBuono*, 231 AD2d 573 [1996]). There is substantial evidence in the record that Kent and his closely held corporations knowingly and with intent to deceive prepared the applications in issue with materially false information in order to secure lower premiums.

The petitioners' remaining contentions either are unpreserved for judicial review or without merit. Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.