In the Matter of MIHAIL TUTUIANU, Respondent-Appellant, v NEW YORK STATE et al., Appellants-Respondents. [802 NYS2d 465]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Temporary and Disability Assistance, dated March 19, 2003, which confirmed so much of a decision of the New York City Human Resources Administration, dated February 12, 2003, as discontinued the petitioner's public assistance benefits, New York State and the New York State Office of Temporary and Disability Assistance appeal, as limited by their brief, and the New York City Human Resources Administration separately appeals, from so much of a judgment of the Supreme Court, Queens County (Dye, J.), dated March 1, 2004, as annulled the determination and directed the New York City Human Resources Administration to restore the petitioner's public assistance benefits, and the petitioner cross-appeals, as limited by his brief, from so much of the same judgment as denied that branch of his petition which was to enjoin the alleged harassment of him by the New York State Office of Temporary and Disability Assistance and the New York City Human Resources Administration.

Ordered that the appeals and the cross appeal are dismissed and the judgment is vacated, without costs or disbursements; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated that proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court (*see Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter de novo (*id.*).

Review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

The petitioner failed to appear at a scheduled appointment for a psychiatric examination to determine his employability status. Thereafter, he received notice that his public assistance benefits would be discontinued for failure to attend the examination. The determination that the petitioner's failure to attend the examination was without good cause is supported by substantial evidence (*see* 18 NYCRR 351.26; *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]; *Matter of Casid v Prinzo*, 232 AD2d 860, 861-862 [1996]).

The petitioner's argument that the New York City Human Resources Administration harassed him by directing him to undergo medical examinations to determine his employability status is without merit, as that agency is required by statute to inquire into the ability of public assistance recipients to participate in work activities (*see* Social Services Law § 332-b; 12 NYCRR 1300.2 [d] [1]).

The petitioner's remaining arguments are without merit. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.