■ In the Matter of ALETHEA SMALLS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [807 NYS2d 377]—

Determination of respondent New York City Housing Authority (NYCHA), dated November 19, 2003, which terminated petitioner's public housing tenancy for nondesirability and breach of Tenant Rules and Regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Ronald A. Zweibel, J.], entered October 13, 2004) dismissed, without costs.

The hearing officer's findings that petitioner assaulted a

neighbor and violated an order of protection by harassing a neighbor's daughter are supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-182 [1978]) and warrant respondent's determination of nondesirability.

There is no indication that petitioner was, or appeared to be, unable to understand or respond appropriately to the charges at the hearing, or incapable of rational thought and coherent communication so as to require appointment of a representative so as to afford her a meaningful opportunity to be heard (*compare Matter of Padilla v Martinez,* 300 AD2d 96 [2002]). Petitioner exhibited appropriate behavior at the proceeding and the hearing officer developed a full and fair record and reasonably accommodated petitioner in light of her pro se status. While a letter from petitioner's doctor stated that petitioner would benefit from a calm, nonhostile environment, the doctor did not state that petitioner's anxiety and insomnia, or the medication she was taking, interfered with her ability to function generally or defend herself against the administrative charges. Further, respondent's social services department had already evaluated petitioner in response to her report of conflicts with other residents and staff, and concluded that she "exhibits no signs of mental illness, she was lucid, rational and appropriate."

Nor did the hearing officer abuse his discretion in denying an adjournment. Petitioner had approximately four months to secure counsel before the first hearing session. When the hearing continued, petitioner had an additional four weeks to secure representation. Thus, petitioner had more than sufficient time to secure counsel.

The penalty of termination does not shock the conscience (*see Matter of Featherstone v Franco,* 95 NY2d 550 [2000]) and is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *Matter of Glover v Finkel,* 278 AD2d 14 [2000]). Concur—Sullivan, J.P., Williams, Gonzalez and McGuire, JJ.