■ In the Matter of DEBRA CLENDON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [823 NYS2d 456]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated June 9, 2004, adopting the recommendation of a hearing officer dated May 18, 2004, made after a hearing, finding that the petitioner was ineligible for continued occupancy on the ground, inter alia, of violation of the terms of a "Determination of Status for Continued Occupancy" of the New York City Housing Authority dated April 4, 2001, the appeal is from a judgment of the Supreme Court, Kings County (Douglass, J.), dated May 3, 2005, which, in effect, granted the petition and annulled the determination.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since a question of substantial evidence is involved, this proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will review the administrative determination on that basis (*see Matter of Brown v New York City Hous. Auth.*, 27 AD3d 733 [2006]; *Matter of Weingarten v Crime Victims Bd.*, 22 AD3d 763 [2005]; *Matter of Tutuianu v New York State*, 22 AD3d 503 [2005]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]).

The petitioner is a tenant in a federally-funded public housing development owned and operated by the New York City Housing Authority (hereinafter the Housing Authority). In September 2000 the petitioner's husband was arrested in the lobby of a nearby building for possession of crack cocaine. As a condition of her continued tenancy, the petitioner executed a stipulation of "Continued Absence" (hereinafter the Stipulation) in which she represented that she would not permit her husband to reside in or visit the apartment, and agreed to permit random inspections of her apartment to ensure compliance with the stipulation. The Housing Authority issued a "Determination of Status for Continued Occupancy" (hereinafter the Determination), which referred to the terms of the stipulation. Thereafter, in June 2003 Housing Authority investigators found the petitioner's husband in the apartment.

The Housing Authority sought to terminate the petitioner's tenancy on charges of violation of the Stipulation and Determination, as well as chronic rent delinquency. Following an administrative hearing, the hearing officer recommended that the petitioner's tenancy be terminated, and the Housing Authority adopted the recommendation. The petitioner commenced this proceeding pursuant to CPLR article 78 to review that determination.

The Housing Authority's determination was supported by substantial evidence (*see Matter of Patrick v Hernandez,* 309 AD2d 566 [2003]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Moreover, termination of the petitioner's tenancy is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *Matter of Kilafofski v Blackburne,* 201 AD2d 564 [1994]), given the petitioner's repeated violation of the Stipulation and Determination and her failure to establish that she would abide by their terms in the future. Accordingly, the determination is confirmed, the petition is denied, and the proceeding is dismissed. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.