■ In the Matter of CYNTHIA BRADFORD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [824 NYS2d 350]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York City Housing Authority, dated June 30, 2004, adopting the recommendation of a hearing officer dated June 8, 2004, made after a hearing, finding that the petitioner was ineligible for continued occupancy on the ground of, inter alia, nondesirability, the appeal is from a

judgment of the Supreme Court, Kings County (Douglass, J.), dated April 13, 2005, which, in effect, granted the petition and annulled the determination.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Since a question of substantial evidence is involved, this proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will review the administrative determination on that basis (*see Matter of Brown v New York City Hous. Auth.*, 27 AD3d 733 [2006]; *Matter of Weingarten v Crime Victims Bd.*, 22 AD3d 763, 764 [2005]; *Matter of Tutuianu v New York State*, 22 AD3d 503, 504 [2005]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]).

The petitioner is a tenant in a public housing development administered by the New York City Housing Authority (hereinafter the Housing Authority). The Housing Authority sought to terminate her tenancy after she was arrested for assault during a fight with an ex-boyfriend on the premises. The charges were later amended to include possession of heroin, after police discovered remnants of heroin in the tenant's apartment during the execution of a search warrant. Following an administrative hearing, the hearing officer recommended that the petitioner's tenancy be terminated, and the Housing Authority adopted the recommendation. The petitioner commenced this proceeding pursuant to CPLR article 78 to review that determination. The Supreme Court, in effect, granted the petition and annulled the determination.

The tenant's plea of guilty to criminal possession of a controlled substance in the seventh degree was sufficient to support the hearing officer's determination (*see Meades v Spinnato*, 138 AD2d 579, 580 [1988]; CPLR 7803 [4]). Further, the determination was not affected by errors of law (*see* CPLR 7803 [3]; *Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *Matter of BiCounty Brokerage S. Corp. v State of N.Y. Ins. Dept.*, 4 AD3d 470, 471 [2004]; *see also* 24 CFR 966.4 [*l*] [3] [i] [B] [2]), and the penalty of termination was not so disproportionate as to shock the conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232-233 [1974]; *see generally Department of Housing & Urban Development v*

*Rucker,* 535 US 125 [2002]). Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.