In the Matter of MAYRA GONZALEZ, Appellant, v GERARD MULLIGAN et al., Respondents. [845 NYS2d 761]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Section 8 Rental Assistance Program of the Westchester County Department of Planning dated July 14, 2005, which, after a hearing, confirmed its initial determination to terminate the petitioner's participation in the Section 8 Tenant Based Assistance Program administered and funded by the Federal Department of Housing and Urban Development, the petitioner appeals from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered April 18, 2006, which denied the petition and dismissed the proceeding on the merits.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Since the petition, in effect, raises a question of whether the challenged determination is supported by substantial evidence, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated that proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court (*see Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *Matter of Stein v County of Rockland*, 259 AD2d 552, 553 [1999]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter accordingly (*id.*).

A hearing officer of the Westchester County Section 8 Rental Assistance Program of the Westchester County Department of Planning upheld the termination of the petitioner's benefits under the federal Section 8 Tenant Based Assistance Program on the grounds that she failed to supply truthful and complete information with respect to her application, failed to obtain required approval to add an individual to her household, and failed to provide additional relevant information when requested. The determination is supported by substantial evidence, including the petitioner's admission at the hearing that she misrepresented her status as the custodial parent of her three children.

The petitioner's remaining contentions are without merit. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.