In the Matter of LORRAINE STEWARD, Appellant, v GERARD MULLIGAN et al., Respondents. [849 NYS2d 175]—

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Planning, dated February 14, 2006, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the determination is confirmed, the petition is

denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *see Matter of Lynnann P. v Suffolk County Dept. of Social Servs.,* 28 AD3d 484, 485 [2006]).

The record provides substantial evidence to support the respondents' determination to terminate the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *Matter of Friend v Mulligan,* 16 AD3d 685 [2005]; *Matter of Langton v Rutkoske,* 252 AD2d 504 [1998]). While the bulk of the respondents' proof constituted hearsay, it was sufficient to serve as the basis for the determination (*see Matter of BiCounty Brokerage S. Corp. v State of N.Y. Ins. Dept.,* 4 AD3d 470, 471 [2004]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.,* 248 AD2d 380, 381 [1998]; *Matter of Nieto v DeBuono,* 231 AD2d 573 [1996]). Additionally, the notice of termination adequately apprised the petitioner of the violation upon which her termination from the program was based (*see Matter of Block v Ambach,* 73 NY2d 323, 333 [1989]; *Matter of Douglas v Lannert,* 272 AD2d 327 [2000]; *Matter of Colon v Blum,* 81 AD2d 637, 638 [1981]).

The petitioner's remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.