■ In the Matter of PAT BLAND, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [901 NYS2d 158]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered October 23, 2008, granting the petition in this CPLR article 78 proceeding to the extent of remanding the determination of respondent New York City Housing Authority (NYCHA), dated February 21, 2007, which, after a hearing, terminated petitioner's public housing tenancy upon a finding, inter alia, of misrepresentation, for a de novo hearing before a different hearing officer on the issue of penalty, unanimously reversed, on the law, without costs, the petition denied, the judgment vacated, the determination confirmed and the proceeding dismissed.

Lease termination proceedings were commenced against petitioner after NYCHA learned that she had failed to report her employment income on occupancy affidavits for five successive years, resulting in a substantial underpayment of rent. The evidence that petitioner pleaded guilty to a misdemeanor charge arising out of that conduct established the administrative charges of willful misrepresentation of income and nonverifiable income, and petitioner admitted the factual basis for the charges at the hearing. Petitioner's contention that her conduct did not constitute nondesirability or breach of rules need not be resolved, since it is undisputed that her conduct supported the charges of misrepresentation and failure to provide income verification, which are grounds for lease termination.

The penalty was imposed following a hearing conducted in compliance with NYCHA's termination of tenancy procedures, at which the hearing officer explained the proceedings, and petitioner availed herself of the opportunity provided to present evidence in mitigation and to make a statement urging that probation would be an appropriate penalty (*see Matter of Jackson v Hernandez*, 63 AD3d 64, 69 [2009]). Notwithstanding the hardship to petitioner and her son resulting from termination, the penalty imposed for egregious misrepresentation over a five-year period does not shock the conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]; *Matter of Smith v New York City Hous. Auth.*, 40 AD3d 235, 236 [2007], *lv denied*

9 NY3d 816 [2007]). Accordingly, the court lacked authority to annul the penalty and remit for further consideration (*see Matter of Featherstone*, 95 NY2d at 554). Concur—Tom, J.P., Saxe, Friedman, Nardelli and Catterson, JJ.