■ In the Matter of THERESA NICHOLS, Petitioner, v DEBORAH VANAMERONGEN, as Commissioner of New York State Division of Housing and Community Renewal, et al., Respondents. [901 NYS2d 437]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division in the Fourth Judicial Department by order of the Supreme Court, Genesee County [Robert C. Noonan, A.J.], entered October 9, 2009) to review a determination of respondent Mary Rice, as Section 8 Administrator of Housing Choice Voucher Program at PathStone of Genesee County. The determination terminated petitioner's housing assistance pursuant to the Section 8 Housing Choice Voucher Program.

It is hereby ordered that the motion is granted and the petition against respondent Deborah VanAmerongen, as Commissioner of New York State Division of Housing and Community Renewal, is dismissed, and it is further ordered that the determination is unanimously confirmed without costs and the petition against respondent Mary Rice, as Section 8 Administrator of Housing Choice Voucher Program at PathStone of Genesee County, is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination following an administrative hearing terminating her housing assistance pursuant to the Section 8 Housing Choice Voucher Program (Section 8 program) (*see* 42 USC § 1437f [b] [1]) on the ground that she was not residing in the assisted unit in Batavia. At the outset, we agree with respondent Commissioner of New York State Division of Housing and Community Renewal that she is not a necessary party to this proceeding (*see* CPLR 1001 [a];

*Matter of Gwynn v Mulligan*, 2003 NY Slip Op 51257[U], *7 [2003]), and we therefore grant her motion to dismiss the petition against her.

Petitioner contends that the Hearing Officer's determination is not supported by substantial evidence. We reject that contention. At the hearing, the Section 8 Administrator of Housing Choice Voucher Program at PathStone of Genesee County (respondent) presented a supporting deposition of one individual and a statement of another individual, both made under penalty of perjury, indicating that petitioner had been residing in their residence in Brockport for the past several months. In addition, respondent presented information from the post office stating that, five days after petitioner was notified that her Section 8 program benefits were being terminated, the assisted unit was listed as her new address, as well as a police report demonstrating that petitioner was arrested at the Brockport residence early one morning during the period of time when she was receiving housing assistance for the assisted unit in Batavia. The arresting officers discovered petitioner's residence in Brockport by searching computer records.

We conclude that those documents provide the requisite substantial evidence to support the determination that petitioner was not living in the assisted unit during the time period in question (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). The claim of petitioner that she changed only her mailing address, not her residence, to Brockport presented an issue of credibility that the Hearing Officer was entitled to resolve against petitioner (*see Matter of Murtaugh v New York State Dept. of Envtl. Conservation*, 42 AD3d 986, 987-988 [2007], *lv dismissed* 9 NY3d 971 [2007]), and "[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists" (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75 [1983]; *see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Clouse v Allegany County*, 46 AD3d 1381 [2007]).

We reject petitioner's further contention that the Hearing Officer erroneously shifted the burden of proof from respondent to petitioner at the hearing. The explanation by the Hearing Officer concerning her reasons for finding petitioner's evidence unconvincing did not establish that she shifted the burden of proof to petitioner. We note in any event that, although "a local housing authority 'has the burden of persuasion [at a Section 8 program termination hearing] and must initially present sufficient evidence to establish a prima facie case' " (*Ervin v Hous-*

*ing Auth. of Birmingham Dist.*, 281 Fed Appx 938, 942 [2008], quoting *Basco v Machin*, 514 F3d 1177, 1182 [2008]; *see Carter v Montgomery Hous. Auth.*, 2009 WL 3711565, 2009 US Dist LEXIS 102352 [MD Ala 2009]), pursuant to *Basco*, the ultimate burden of production is on the petitioner (*see* 514 F3d at 1182).

We reject the contention of petitioner that she was denied due process because she was unable to cross-examine the individuals who made statements contained in the documents presented at the hearing. Hearsay is admissible at a Section 8 program termination hearing (*see* 24 CFR 982.555 [e] [5]; *Williams v Housing Auth. of City of Raleigh*, 595 F Supp 2d 627, 631 [2008], *affd* 2009 WL 321628, 2009 US App LEXIS 2570 [4th Cir 2009]; *Basco*, 514 F3d at 1182), and we conclude that the documents in question, some of which were obtained during the course of a police investigation and were made under penalty of perjury, were reliable (*see United States Pipe & Foundry Co. v Webb*, 595 F2d 264, 270 [1979]; *Robinson v District of Columbia Hous. Auth.*, 660 F Supp 2d 6, 12-14 [2009]). "The principle that hearsay evidence is admissible in administrative proceedings would be vitiated if a party could object to its admission on the ground that he [or she] was denied [the] right to cross-examination" (*Beauchamp v De Abadia*, 779 F2d 773, 775-776 [1985]; *see Gammons v Massachusetts Dept. of Hous. & Community Dev.*, 502 F Supp 2d 161, 165-166 [2007]). Present— Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.