In the Matter of MARTICIA SPRINGFIELD, Petitioner, v TOWN OF HUNTINGTON HOUSING AUTHORITY et al., Respondents. [910 NYS2d 513]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town of Huntington Housing Authority dated July 28, 2008, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Rental Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, neither the manner in which the informal hearing was conducted, nor the determination rendered by the hearing officer terminating the petitioner's participation in the Rental Housing Choice Voucher Program subsidized pursuant to Section 8 of the United States Housing Act of 1937 (42 USC § 1437f, hereinafter Section 8), deprived the petitioner of due process. The hearing was conducted in accordance with the provisions of 24 CFR 982.555 and met constitutional requirements. Moreover, the notice of petition and related documents served on the petitioner adequately apprised her of all of the conduct which formed the basis for the proposed termination of assistance, and of all of the violations with which she was charged, and the hearing officer did not exceed the grounds set forth in the petition in reaching the determination. Similarly, the determination was supported by substantial evidence, including the documents, records, and other evidence produced by the Town of Huntington Housing Authority (hereinafter the Authority) (*see e.g. Matter of Gonzalez v Mulligan*, 45 AD3d 841, 842 [2007]; *Matter of Cuevas v Beacon Hous. Auth.*, 220 AD2d 179, 182 [1996]). The petitioner's proffered explanations of her conduct merely presented issues of credibility, which the hearing officer was entitled to resolve against her (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Porter v New York City Hous. Auth.*, 42 AD3d 314 [2007]; *Matter of Cuevas v Beacon Hous. Auth.*, 220 AD2d at 182-183).

Finally, given the number and serious nature of the drug offenses and other crimes committed by a member of the petitioner's household, and the false and misleading statements made by the petitioner to the Authority with respect to that conduct, the hearing officer's determination to terminate Section 8 housing assistance rather than to impose some lesser penalty was neither disproportionate to the offenses, nor shocking to one's sense of fairness (*see e.g. Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Bland v New York City Hous. Auth.*, 72 AD3d 528 [2010]; *Matter of Gonzalez v Mulligan*, 45 AD3d at 842; *Matter of Smith v New York City Hous. Auth.*, 40 AD3d 235 [2007]; *Matter of Clendon v New York City Hous. Auth.*, 33 AD3d 913, 914 [2006]; *Matter of Cuevas v Beacon Hous. Auth.*, 220 AD2d at 182-183). Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.