■ In the Matter of CORINNE CAPPIELLO, Petitioner, v MECHANICVILLE HOUSING AUTHORITY, Respondent. [915 NYS2d 753]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent which terminated petitioner's rent subsidy.

Petitioner received rent subsidy from respondent pursuant to the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f). In 2008, respondent discovered that petitioner had significantly understated her income during her 2007 and 2008 recertification and, as a result, terminated her rent subsidy. She requested an informal hearing. Following the hearing, a Hearing Officer determined that respondent had properly terminated petitioner's benefits since she had fraudulently underreported her income. Thereafter, petitioner commenced this proceeding.

Our review is limited to whether substantial evidence supports respondent's determination (*see Matter of Graceffo v City of New York*, 71 AD3d 603, 603 [2010]). There was proof, includ-

ing information obtained from petitioner's employer, establishing that she submitted documentation to respondent that significantly understated her actual income in both 2007 and 2008. She reported about 60% of her income in those two years. Petitioner did not contest the disparity between her actual income and her reported income. Instead, she offered an explanation that set forth a plausible basis for her contention that the low income figures she provided were the result of an unintentional error. The Hearing Officer, however, rejected her explanation, and such credibility determinations fall within the province of the Hearing Officer (*see Matter of Nichols v VanAmerongen*, 72 AD3d 1499, 1500 [2010]). With petitioner's explanation rejected and in light of the other proof in the record, respondent's determination is supported by substantial evidence.

Petitioner further urges that a less severe penalty would have been more appropriate. Again, our review is circumscribed, and the penalty will be set aside only if it is "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Alarape v New York City Dept. of Hous. Preserv. & Dev.*, 55 AD3d 316, 317 [2008], *lv denied* 12 NY3d 801 [2009]). Since there is evidence, found credible by the Hearing Officer, that petitioner repeatedly and intentionally understated her income, we are unpersuaded that the penalty rises to the level of shocking one's sense of fairness.

Spain, J.P., Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.