■ In the Matter of CATALINA RODRIGUEZ, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [923 NYS2d 502]—

Determination of respondent, New York City Housing Authority, dated December 2, 2009, which terminated petitioner's public housing tenancy upon a finding of nondesirability and chronic delinquency in the payment of rent, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Jane S. Solomon, J.], entered June 3, 2010), dismissed, without costs.

The finding of nondesirability is supported by substantial evidence, including petitioner's 2009 guilty plea to criminal sale of a controlled substance in the third degree and her 2007 guilty plea to criminal facilitation stemming from her arrest for the sale of crack cocaine to an undercover officer in or at the subject housing project (see Matter of Bradford v New York City Hous. Auth., 34 AD3d 463 [2006]). The finding of chronic rent delinquency was supported by the testimony of the manager for the housing project and the record of petitioner's rent history.

Petitioner's challenge to the validity of the lease is unavailing, as she admittedly signed the lease and evinced a clear intent to be bound by it via her conduct, including the submission of affidavits of income identifying herself as the "Lessee" and the payment of rent (compare 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506 [1979]).

The penalty of termination does not shock our sense of fairness. Although petitioner's drug rehabilitation and gainful employment at the time of the administrative hearing are positive factors, her past drug-related activity and chronic delinquency in the payment of rent constitute grounds for termination of the tenancy (see Matter of Clendon v New York City Hous. Auth., 33 AD3d 913 [2006]; Harris v Hernandez, 30 AD3d 269 [2006]). Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ.