Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered September 5, 2012, granting the petition brought pursuant to CPLR article 78 to the extent of annulling the determination of respondent New York City Housing Authority (NYCHA), dated March 7, 2012, which, after a hearing, terminated petitioner’s public housing tenancy upon a finding of nondesirability, and remanded the matter to respondent NYCHA for reconsideration, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, respondent’s determination unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
The petition raised an issue of substantial evidence and thus, the proceeding should have been transferred to this Court pursuant to CELR 7804 (g). “Accordingly, we will treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred” (Matter of Filonuk v Rhea, 84 AD3d 502, 502 [1st Dept 2011] [internal quotation marks omitted]).
The determination sustaining the charges — that petitioner *463 unlawfully possessed controlled substances in her public housing apartment and near the premises, in violation of her residential lease and applicable laws and regulations, thus constituting nondesirable conduct — is supported by substantial evidence (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). NYCHA submitted evidence that petitioner pleaded guilty to two charges relating to drug usage, including third-degree criminal possession of a controlled substance with intent to sell, following an arrest in her apartment. Petitioner admitted at the hearing that she was arrested inside her apartment and that the police found 53 bags of heroin, but denied that she intended to plead guilty to a crime involving intent to sell. The evidence that petitioner pleaded guilty to charges arising out of the conduct also established the administrative charges of nondesirability, and the court erred in questioning the facts established by the conviction (see Matter of Bland v New York City Hous. Auth., 72 AD3d 528 [1st Dept 2010]; Property Clerk of N.Y. City Police Dept. v Krasnik, 41 AD3d 245 [1st Dept 2007]). The arrest at her apartment resulted from a police raid on her apartment, and the hearing officer rationally concluded that such conduct presented a danger to the health, safety, and peaceful enjoyment of the other public housing tenants.
Although the hearing officer credited petitioner with voluntarily checking herself into an inpatient drug treatment facility some seven months before the hearing, and maintaining her sobriety during that time period, the penalty of termination does not shock the conscience (see Matter of Coleman v Rhea, 104 AD3d 535 [1st Dept 2013], lv denied 21 NY3d 857 [2013]; Matter of Rodriguez v New York City Hous. Auth., 84 AD3d 630, 631 [1st Dept 2011]). Concur — Andrias, J.P., Acosta, Saxe, Renwick and Manzanet-Daniels, JJ.