■ In the Matter of WILLIAM MONZIDELIS, Appellant, v TOWN OF EASTCHESTER et al., Respondents. [6 NYS3d 277]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Eastchester Housing Choice Voucher Program dated April 17, 2013, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]) and directed him to repay $36,584, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Neary, J.), dated January 7, 2014, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the petition, in effect, raises a question of whether the challenged determination is supported by substantial evidence, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated that proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court (*see Matter of Gonzalez v Mulligan*, 45 AD3d 841, 842 [2007]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *Matter of Stein v County of Rockland*, 259 AD2d 552, 553 [1999]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter accordingly (*see Matter of Gonzalez v Mulligan*, 45 AD3d at 842).

Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Wolfson Casing Corp. v Kirkland*, 92 AD3d 684, 685 [2012]). Here, the determination of the hearing officer of the Town of Eastchester Housing Choice Voucher Program that the petitioner attempted to mislead the Town of Eastchester about his ownership of property in Florida was supported by substantial evidence. The petitioner's remaining contention relating to this issue is without merit.

Moreover, the penalty imposed was neither disproportionate to the offenses nor shocking to one's sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Springfield v Town of Huntington Hous. Auth.*, 78 AD3d 718, 719 [2010]; *Matter of Bland v New York City Hous. Auth.*, 72 AD3d 528 [2010]; *Matter of Gonzalez v Mulligan*, 45 AD3d at

842) and, thus, did not constitute an abuse of discretion as a matter of law (*see Matter of Duroseau v Cestero*, 100 AD3d 889, 890 [2012]). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.