■ In the Matter of MOSHE ASCHKENASY, Petitioner, v MUNICIPAL HOUSING AUTHORITY FOR CITY OF YONKERS et al., Respondents. [18 NYS3d 345]—Proceeding pursuant to CPLR article 78 to review a determination of the Municipal Housing Authority for the City of Yonkers dated February 4, 2013, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a

conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Wolfson Casing Corp. v Kirkland*, 92 AD3d 684, 685 [2012]). Here, the determination of the hearing officer of the Municipal Housing Authority for the City of Yonkers that the petitioner was not living in the subject assisted unit was supported by substantial evidence (*see* 24 CFR 982.551 [h] [1]; *Matter of Nichols v VanAmerongen*, 72 AD3d 1499, 1500 [2010]).

Moreover, the penalty imposed was neither disproportionate to the offense nor shocking to one's sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]; *Matter of Springfield v Town of Huntington Hous. Auth.*, 78 AD3d 718, 719 [2010]) and, thus, did not constitute an abuse of discretion as a matter of law (*see Matter of Monzidelis v Town of Eastchester*, 126 AD3d 978, 979 [2015]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.