14 Morningside Avenue H.D.F.C.,
against
Lonnie Murray and Sheila Murray,


Tenant appeals from a final judgment of the Civil Court
the City of New York, New York County (Sabrina B. Kraus, J.), entered June 17, 2014, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.
Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered June 17, 2014, affirmed, without costs.
Evidence at trial established that tenant was convicted of menacing in the second degree, based upon an incident where he confronted a fellow building resident on the sidewalk in front of the subject building and displayed a gun (see People v Murray, 104 AD3d 426 [2013], lv denied 21 NY3d 1018 [2013]). This conviction was conclusive evidence that tenant "intentionally place[d] or attempt[ed] to place [the other resident] in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon... or what appears to be a... firearm" (Penal Law § 120.14[1]; see S.T. Grand, Inc. v City of New York, 32 NY2d 300, 304—305 [1973]; Matter of Dougall v Rhea, 106 AD3d 434 [2013]), and tenant is collaterally estopped from relitigating the issue (see Grayes v DiStasio, 166 AD2d 261 [1990]). Based upon this evidence, landlord met its burden of establishing that tenant engaged in criminal activity that threatened the health or safety of other residents of the subject building in violation of paragraph 8[c][1][a] of the governing HUD lease agreement (see Matter of Hill v New York City Hous. Auth., 111 AD3d 462, 463 [2013]; Matter of Bradford v New York City Hous. Auth., 34 AD3d 463, 464 [2006]). 
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 22, 2016