Matter of McLaughlin v New York City Hous. Auth. (2019 NY Slip Op 02798)





Matter of McLaughlin v New York City Hous. Auth.


2019 NY Slip Op 02798


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


8986 101456/16

[*1]In re Monique McLaughlin, Petitioner,
v
The New York City Housing Authority, Brownsville Houses, Respondent.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Anne Simons of counsel), for appellant.
Kelly D. MacNeal, New York (Laura R. Bellrose of counsel), for respondent.



Determination of respondent, dated June 13, 2016, which terminated petitioner's tenancy on the grounds of nondesirability and breach of respondent's rules and regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered November 20, 2017), dismissed, without costs.
The transfer of the proceeding to this Court was proper insofar as petitioner raised an issue of substantial evidence by challenging certain factual findings made by the Hearing Officer (see CPLR 7804[g]).
Respondent's determination is supported by substantial evidence. The evidence showed that illegal drugs were recovered from petitioner's apartment upon execution of a search warrant, which was issued after a confidential informant made controlled buys, targeting her (see Matter of Coleman v Rhea, 104 AD3d 535 [1st Dept 2013], lv denied 21 NY3d 857 [2013]).
Under the circumstances presented, the penalty of termination does not shock our sense of fairness (see e.g. Matter of Prado v New York City Hous. Auth., 116 AD3d 593 [1st Dept 2014]; Matter of Rodriguez v New York City Hous. Auth., 84 AD3d 630 [1st Dept 2011]).
We have considered petitioner's remaining arguments, including that respondent violated her due process rights, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK