Matter of Gramble v Putnam County Hous. Corp. (2025 NY Slip Op 00859)

Matter of Gramble v Putnam County Hous. Corp.

2025 NY Slip Op 00859

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-01062
 (Index No. 500996/22)

[*1]In the Matter of Michael Gramble, petitioner,
v
Putnam County Housing Corporation, et al., respondents.

Legal Services of the Hudson Valley, Peekskill, NY (William J. McNamara of counsel), for appellant.
Joseph A. Charbonneau, Brewster, NY, for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Putnam County Housing Corporation dated May 5, 2022. The determination, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (see 42 USC § 1437f[b][1]).
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Since in or about 2007, the petitioner has been a participant in the Section 8 Housing Choice Voucher Program (42 USC § 1437f[b][1]; hereinafter the Program). In a letter dated March 3, 2022, the respondent Putnam County Housing Corporation (hereinafter PCHC) advised the petitioner that his participation in the Program would be terminated effective May 1, 2022, inter alia, on the ground that he failed to submit all information and documents requested by PCHC in connection with the recertification process (see 24 CFR 982.551[b][2]). The petitioner requested a hearing (see id. § 982.555). Following the hearing, in a determination dated May 5, 2022, a hearing officer confirmed PCHC's determination to terminate the petitioner's participation in the Program. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination and to reinstate his participation in the Program. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
In circumstances where the agency determination under review was made after a quasi-judicial evidentiary hearing mandated by law, as here (see 24 CFR 982.555[a][1][iv]; [e]), the standard of review is whether the determination was supported by substantial evidence (see Matter of Harrison v Palumbo, 122 AD3d 634, 635; Matter of Gist v Mulligan, 65 AD3d 1231, 1233; cf. Matter of Kirkpatrick v Wambua, 117 AD3d 739, 739). The "substantial evidence standard is a minimal standard" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045 [internal quotation marks omitted]). "[R]ationality is what is reviewed under . . . the substantial evidence rule; substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (id. at 1046 [citation and internal quotation marks omitted]; see Matter of Rosario v Municipal Hous. Auth. for City of Yonkers, 141 AD3d 664, 665).
Here, the record contains substantial evidence to support PCHC's determination terminating the petitioner's participation in the Program (see Matter of Thomas v O'Rourke, 89 AD3d 1096, 1097; Matter of Friend v Mulligan, 16 AD3d 685, 686). Moreover, the penalty imposed was neither disproportionate to the offense nor shocking to one's sense of fairness under the circumstances and, thus, did not constitute an abuse of discretion as a matter of law (see Matter of Aschkenasy v Municipal Hous. Auth. for City of Yonkers, 132 AD3d 985, 986; Matter of Monzidelis v Town of Eastchester, 126 AD3d 978, 979).
The petitioner's "failure to provide necessary transcripts inhibits [this] [C]ourt's ability to render an informed decision" on the merits of his contention that the hearing officer displayed a lack of requisite impartiality and objectivity in conducting the hearing (Matter of Rudick v Rudick, 16 AD3d 514, 514; see Matter of Remy v Mitchell, 60 AD3d 860). Accordingly, we do not reach the petitioner's contention on this point (see Diana v DeLisa, 151 AD3d 806, 809).
The petitioner's remaining contentions either are without merit or need not be considered in light of our determination.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court