■ In the Matter of IDA RIGGINS, Petitioner, v JOYCE M. LANNERT, Commissioner of Westchester County Department of Planning, et al., Respondents. [796 NYS2d 93]—

Proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the Westchester County Department of Planning dated February 21, 2002, which after a hearing, terminated the petitioner's assistance from the Section 8 Housing Assistance Program *(see* 42 USC § 1437f [b] [1]).

Adjudged that the petition is granted, on the law, with costs, to the extent that so much of the determination as found that the petitioner violated her family obligations pursuant to the Section 8 Housing Assistance Program under CFR 982.551 when she allegedly failed to notify the respondents that she was vacating her residence, and imposed the penalty of termination, is vacated, and the petition is otherwise denied and the determination otherwise confirmed on the merits, and the matter is remitted to the respondents for the imposition of a lesser penalty.

The petitioner received rent assistance through the respondent Westchester County Section 8 Program (42 USC § 1437f [b] [1]; hereinafter Section 8) administered by the respondent Westchester County Department of Planning. On December 13, 2000, the petitioner signed an agreement in which she agreed to repay $2,191 she owed at a rate of $50 per month beginning on January 1, 2001. On December 27, 2000, the petitioner's landlord informed the respondents that the petitioner would be receiving a 60-day notice to vacate her rented premises. The petitioner was evicted from her apartment on July 10, 2001, and in a form entitled "Change of Address for Housing Application," dated July 11, 2001, the petitioner informed the respondents of her new address. On October 10, 2001, the respondents sent the petitioner a notice of termination informing her that her subsidy was terminated as of July 31, 2001, on the grounds that she failed to notify the respondents prior to her vacating her apartment and that she did not pay the respondents money that was owed under the December 13, 2000, agreement.

A hearing to contest the termination was requested by the petitioner, and at the hearing, the petitioner stated that she did not have enough money to support her family and make her monthly payments. The hearing officer denied the petitioner's request to be reinstated in the Section 8 program. The hearing officer found that the petitioner violated her obligations under the Section 8 program by failing to notify Section 8 prior to vacating her premises and by breaching an agreement in which she agreed to make monthly payments to Section 8. The petitioner commenced this CPLR article 78 proceeding challenging the administrative determination.

The determination that the petitioner failed to notify the respondents that she was moving to a new premises and violated the Section 8 program regulations by such failure (*see* 42 USC § 1437f [b] [1]) was not supported by substantial evidence (*see Matter of Miller v DeBuono*, 90 NY2d 783 [1997]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]).

The determination that the petitioner was in breach of her repayment agreements relating to her Section 8 benefits and violated the Section 8 program regulations by such breach (*see* 42 USC § 1437f [b] [1]), however, was supported by substantial evidence (*see Matter of Miller v DeBuono, supra; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra*).

Since we are annulling the determination in part, and also because the punishment of termination for the remaining violation was so disproportionate to the offenses as to be shocking to one's sense of fairness, we remit the matter to the respondents for the imposition of a lesser penalty (*see Matter of Brown v Lannert*, 272 AD2d 323 [2000]). Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.