■ In the Matter of ELAINE SICARDO, Appellant, v PETER SMITH, Respondent. [853 NYS2d 639]—

The determination finding the petitioner in violation of the Section 8 Housing Choice Voucher Program regulations due to her failure to notify the respondent that her former husband was living in the subject residence with her and her children (*see* 24 CFR 982.551 [h] [2]) was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Steward v Mulligan*, 47 AD3d 822 [2008]; *cf. Matter of Pena v Mulligan*, 32 AD3d 952, 953 [2006]). However, under the particular circumstances of this case, the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (*see generally Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *see also* 24 CFR 982.552 [c] [2] [i]; *cf. Matter of Smith v New York City Hous. Auth.*, 40 AD3d 235 [2007]). Accordingly, we remit the matter to the respondent for the imposition of a lesser penalty.

The petitioner's remaining contentions are without merit. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.