■ In the Matter of Anita Vazquez, Petitioner, v New York City Housing Authority (Robert Fulton Houses), Respondent. [871 NYS2d 10]—

Respondent initially served petitioner with a notice charging

her with chronic rent delinquency, which was later amended to include nondesirability based upon information in a September 10, 2004 Daily News article that petitioner had been charged with unauthorized use of an ATM card. The decision to terminate petitioner's tenancy was based on her guilty plea to this felony offense (grand larceny in the third degree). The Hearing Officer determined that petitioner had cured her rent delinquency problems at the time of the decision.

Despite substantial evidence of petitioner's guilty plea, the penalty imposed by respondent was disproportionate to the offense. The procedures for terminating a tenancy permit but do not require termination upon a finding of nondesirability. The tenant may be given probation, where there is "reason to believe that the conduct or condition which led to the charge of nondesirability may not recur or may have been cured, or that the tenant is taking or is prepared to take steps to correct or cure such conduct or condition." (New York City Hous Auth, Termination of Tenancy Procedures 14 [a].)

Apart from being current in all rent due and having a source of income from SSI and public assistance, petitioner has cured the conditions that led to the determination of nondesirability: she has paid full restitution to the complaining witness, and has complied with all the conditions of her probation. There are also other mitigating factors in favor of probation rather than termination of petitioner's tenancy: she has no prior criminal record, and her criminal conduct appears to have been an isolated aberration (see Matter of Peoples v New York City Hous. Auth., 281 AD2d 259 [2001]). Both petitioner and her uncle, whom she lives with and cares for, suffer from disabilities. Petitioner is further afflicted with depression and stress (see Matter of Milton v Christian, 99 AD2d 984 [1984]), which may in part be caused by her son's current deployment to Iraq. Petitioner has a strong family support system as evidenced by her daughter quitting college to work in order to aid petitioner in paying restitution as part of her criminal case. Termination of petitioner's tenancy under these circumstances is shocking to the judicial conscience and to one's sense of fairness (Matter of Peoples v New York City Hous. Auth., 281 AD2d 259 [2001]; Matter of Spand v Franco, 242 AD2d 210 [1997], lv denied 92 NY2d 802 [1998]). Concur—Andrias, J.P., Saxe, Gonzalez, Catterson and Acosta, JJ.