■ In the Matter of JOAN DAVIS, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [871 NYS2d 86]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 30, 2008, which denied the petition and

dismissed the proceeding brought pursuant to CPLR article 78, unanimously vacated, and the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, the determination of respondent Department of Housing Preservation and Development (HPD), dated November 28, 2007, terminating petitioner's housing subsidy on the ground that she failed to include her minor son's disability payments, inter alia, in her 2004 application for an enhanced subsidy and her 2006 recertification application, unanimously modified, on the law, to the extent of vacating the penalty, and the matter remanded to HPD for the imposition of a lesser penalty, and the proceeding otherwise disposed of by confirming the remainder of respondent's determination, without costs.

HPD's finding that petitioner intentionally failed to disclose her son's SSI benefits is supported by substantial evidence and has a rational basis in the record (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). The penalty of termination of the rent subsidy is shockingly disproportionate to the offense, however, since it will likely lead to homelessness for petitioner, a 25-year tenant, and the three minor children who live with her, one of whom is disabled (see Matter of Sanders v Franco, 269 AD2d 118 [2000]; Matter of Spand v Franco, 242 AD2d 210 [1997], lv denied 92 NY2d 802 [1998]). We note further that petitioner's omission of her son's income had no effect on the amount of rent subsidy she received.

While we do not condone petitioner's apparent misrepresentation and recognize that repeated such misrepresentations may warrant termination even absent harm to the agency, we remand to HPD to determine an appropriate lesser penalty (see Matter of Milton v Christian, 99 AD2d 984, 986 [1984]). Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.