■ In the Matter of NOMA GRAY, Appellant, v SHAUN DONOVAN, as Commissioner of the Department of Housing Preservation and Development of the City of New York, Respondent. [870 NYS2d 347]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 12, 2008, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78, unanimously vacated, and the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, the determination of respondent Department of Housing Preservation and Development (HPD), dated September 17, 2007, terminating petitioner's housing subsidy on the ground that she failed to report income earned by her two adult children, unanimously modified, on the law, to the extent of vacating the penalty, and the matter remanded to HPD for calculation of the amount of excess subsidy, if any, and the imposition of a lesser penalty, and the proceeding otherwise disposed of by confirming the remainder of HPD's determination, without costs.

The determination that petitioner failed to report income earned by her two adult children is supported by substantial evidence, and has a rational basis in the record (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]).

However, we find that the penalty of termination of petitioner's housing subsidy to be shockingly disproportionate to the offense (see e.g. Matter of Peoples v New York City Hous. Auth., 281 AD2d 259 [2001]; Matter of Spand v Franco, 242 AD2d 210 [1997], lv denied 92 NY2d 802 [1998]). Petitioner has lived in the subject building for more than 30 years with no record of any prior offenses, and the record suggests that termination of the subsidy will likely lead to homelessness for petitioner and her 13-year-old son. Furthermore, there is no indication in HPD's determination, nor anywhere else in the record, of the impact that petitioner's failure to report her adult children's income had, if any, on the amount of her housing subsidy. Accordingly, on remand, HPD should calculate the precise amount of excess subsidy received by petitioner, if any, and then

determine an appropriate lesser penalty. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.