■ In the Matter of ERNESTINE WILLIAMS, Petitioner, v SHAUN DONOVAN, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Respondents. [874 NYS2d 910]—

Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated October 19, 2007, which terminated petitioner's Section 8 subsidy on the ground that she failed to report all household income, unanimously modified, on the law, to the extent of vacating the penalty, and remitting the matter to HPD for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Kibbie F. Payne, J.], entered August 19, 2008), otherwise disposed of by confirming the remainder of the determination, without costs.

The determination that petitioner failed to report income

earned by her adult son is supported by substantial evidence (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). However, we find the penalty of terminating the subsidy of petitioner, who is 73 years of age, has resided in the apartment for 28 years and has heretofore had an unblemished tenancy, shockingly disproportionate to the offense (*see Matter of Gray v Donovan*, 58 AD3d 488 [2009]; *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418 [2009]; *Matter of Peoples v New York City Hous. Auth.*, 281 AD2d 259 [2001]). On remand, HPD should calculate the precise amount of excess subsidy received by petitioner, if any, and then determine an appropriate lesser penalty. Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ.