■ In the Matter of THYAIS GIST, Petitioner, v GERARD MULLIGAN et al., Respondents. [886 NYS2d 172]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Westchester Department of Planning dated January 4, 2006, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as confirmed the penalty of termination is vacated; the petition is otherwise denied, the determination is otherwise confirmed on the merits, and the matter is remitted to the respondents for the imposition of a lesser penalty.

The petitioner appeals from a determination terminating her participation in Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]). The petitioner maintains that the determination was not supported by substantial evidence and that the penalty imposed was shocking to one's sense of fairness.

Substantial evidence supports the determination finding that the petitioner violated certain rules specified in 24 CFR 982.551, which articulate several procedures governing recertification of eligibility of tenants for participation in rental housing subsidized pursuant to section 8 of the United States Housing Act of 1937 (42 USC § 1437f, hereinafter Section 8) (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *Matter of Gonzalez v Mulligan,* 45 AD3d 841, 842 [2007]; *Matter of Langton v Rutkoske,* 252 AD2d 504 [1998]). The petitioner was properly found to have failed to complete her annual form for recertification of eligibility and to appear for her recertification appointment with the Westchester County Department of Planning (hereinafter the Department), and failed to notify the Department that she vacated her apartment.

However, under the circumstances of this case, the penalty imposed was so disproportionate to the offenses committed as to be shocking to one's sense of fairness (*see Matter of Sicardo v Smith,* 49 AD3d 761, 762 [2008]; *Matter of Riggins v Lannert,* 18 AD3d 560, 562 [2005]; *Matter of Brown v Lannert,* 272 AD2d 323 [2000]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale &*

*Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974])
and, thus, an abuse of discretion as a matter of law (*see* CPLR
7803 [3]; *Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d
775, 776 [2004]).

At the time the petitioner was to appear for her recertifica-
tion appointment, she was incarcerated for conduct that resulted
in a misdemeanor conviction, and did not have the funds neces-
sary to post bail. Her young children had been living with her
in the subject apartment but were apparently removed from the
apartment during the time when the petitioner was incarcer-
ated. The petitioner's mother called the Department and
requested an adjournment of the first recertification appoint-
ment. The petitioner's mother provided two possible dates on
which to reschedule the recertification appointment, under the
belief that the petitioner would be released from custody by
those dates. The petitioner, however, remained incarcerated on
the two rescheduled dates, had no money to post bail, had insuf-
ficient funds in her commissary account to buy stamps, and had
no visitors. Consequently, the petitioner failed to appear and
notify the Department of her continued incarceration.

Although one of the reasons stated in the hearing officer's de-
termination for the petitioner's termination from the Section 8
Housing Choice Voucher Program was her failure to notify the
Department that she vacated her apartment, another provision
in the determination cites the fact that the petitioner was
evicted. Nonetheless, it is undisputed that the petitioner was
incarcerated at the time when her young children either vacated
the apartment or were themselves evicted. Thus the lack of
prior notification of the vacatur of the apartment was not a
willful violation of the relevant regulations (*cf. Matter of
Featherstone v Franco*, 95 NY2d 550 [2000]). Nor, as the dissent
implies, did the hearing officer find that the petitioner's viola-
tion was willful.

Accordingly, we remit the matter to the respondents for the
imposition of a lesser penalty. Mastro, J.P., Leventhal and
Chambers, JJ., concur.

Covello, J. (concurring in part and dissenting in part, and vot-
ing to deny the petition and dismiss the proceeding, with the
following memorandum, in which Eng, J., concurs): I agree with
the majority that the determination of the Westchester County
Department of Planning (hereinafter the Department) that the
petitioner violated certain rules of the Section 8 Housing Choice
Voucher Program (hereinafter the Program), made after a quasi-
judicial hearing required by law (*see* 24 CFR 982.555 [a] [1] [v];
[e]), is supported by substantial evidence (*see* CPLR 7803 [4];

*Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 769-770 [2005]). Thus, I concur with the majority's conclusion that this determination must be confirmed (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *Matter of Gonzalez v Mulligan,* 45 AD3d 841, 842 [2007]; *Matter of Langton v Rutkoske,* 252 AD2d 504 [1998]).

However, I do not concur with the majority's conclusion that the penalty imposed by the Department must be annulled. Therefore, I respectfully dissent to that extent.

Under CPLR 7803 (3), judicial review of an administrative penalty is guided by the "abuse of discretion" standard (*see Matter of John Paterno, Inc. v Curiale,* 88 NY2d 328, 336 [1996]). This translates into a circumscribed judicial inquiry (*see Matter of John Paterno, Inc. v Curiale,* 88 NY2d at 336), as the Appellate Division, lacking any discretionary authority or interest of justice jurisdiction in reviewing the penalty (*see Matter of Featherstone v Franco,* 95 NY2d 550, 554 [2000]), cannot disturb the penalty "unless it 'is so disproportionate to the offense . . . as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775, 776 [2004], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]). In my view, the Department, specifically authorized under the circumstances presented to terminate the petitioner's participation in the Program (*see* 24 CFR 982.552 [c] [1] [i]), did not abuse its discretion as a matter of law in so doing.

As the majority indicates, the evidence at the administrative hearing showed that the petitioner was arrested and ultimately pleaded guilty to criminal possession of a forged instrument in the third degree. Since the petitioner was unable to post bail after her arrest, she remained incarcerated for a three-month period, during which she awaited disposition of the criminal charge. During that period, the apartment became vacant, as the petitioner's children moved in with their aunt, and the petitioner's mother removed the belongings of both the petitioner and her children from the subject apartment.

In order to participate in the Program, the petitioner was required to fulfill certain obligations. It is undisputed that she was aware of those obligations. It is also undisputed that she failed to fulfill two of them.

First, federal regulations authorize agencies such as the Department to regularly schedule reexaminations of a Program participant's income, and require the participant to supply true

and complete information in response to the agency's request for information in connection with a reexamination (*see* 24 CFR 982.551 [b] [2], [4]). Twelve days before the petitioner was incarcerated, the Department mailed the petitioner, who, in prior years, attended required "recertification" interviews, a letter informing her of the date, time, and place of a recertification interview. However, she failed to attend.

Second, federal regulations require a Program participant to give agencies such as the Department notice that the participant and his or her family have moved out of, or are otherwise absent from, the apartment (*see* 24 CFR 982.551 [f], [i]). However, the petitioner failed to inform the Department that her apartment had become vacant.

When determining whether an administrative penalty is unduly harsh, this Court must, of course, consider the impact of the penalty on the individual being penalized (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 234). Clearly, and unfortunately, in all cases where a Program participant fails to fulfill his or her obligations, the penalty of termination from the Program might have a grave impact on the participant and his or her family, in the sense that a risk of homelessness is created.

However, the fact that the imposition of a particular administrative penalty creates a risk of a grave impact upon an individual does not necessarily warrant judicial interference with the penalty (*cf. Matter of Featherstone v Franco,* 95 NY2d at 553-555; *Matter of Smith v New York City Hous. Auth.,* 40 AD3d 235 [2007]). Indeed, this Court is obligated to consider certain other factors before disturbing the penalty (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 234). Hence, although the particular circumstances of one case might support the conclusion that the penalty of termination of participation in the Program is so disproportionate to the offense as to be shocking to one's sense of fairness (*see e.g. Matter of Sicardo v Smith,* 49 AD3d 761, 762 [2008]), the particular circumstances of another case might not support that conclusion (*see e.g. Matter of Perez-Frangie v Donovan,* 59 AD3d 269 [2009]; *Matter of Alarape v New York City Dept. of Hous. Preserv. & Dev.,* 55 AD3d 316, 317 [2008]; *Matter of Gerena v Donovan,* 51 AD3d 502 [2008]; *Sanchez v Popolizio,* 156 AD2d 210 [1989]).

One of the factors this Court must consider when determining whether to annul an administrative penalty is "the misconduct, incompetence, failure or turpitude of the individu-

al" being penalized (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 234). Although courts might annul an administrative penalty in a situation where the penalty creates a risk of a grave impact upon a blameless individual (*cf. Matter of Hines v New York City Hous. Auth.,* 67 AD2d 1000, 1001 [1979]; *Baldwin v New York City Hous. Auth.,* 65 AD2d 546 [1978]), the instant case does not present such a situation. At the administrative hearing, the petitioner testified that her incarceration precluded her from attending the recertification interview, and resulted in her apartment becoming vacant. She also indicated that although she "spoke to [her] mom from jail," and directed her mother to contact the Department, which rescheduled the interview two times, certain circumstances precluded her from personally communicating with the Department to inform it about her inability to attend the interview and the apartment's vacancy. The hearing officer discredited the petitioner's testimony in this regard, faulting the petitioner—who maintained that she was unable to make a telephone call to the Department or obtain stamps during the three months she was incarcerated—for her failure to make a telephone call to the Department. However, the majority, in finding that "the lack of prior notification of the vacatur of the apartment was not a willful violation," indicates that it is crediting that testimony. It must be kept in mind, though, that the hearing officer's assessment of the petitioner's credibility is beyond the review of this Court (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444 [1987]), which, when determining a proceeding pursuant to CPLR article 78, lacks factual review power (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 230). Therefore, this Court is bound to accept the hearing officer's finding that the petitioner unjustifiably failed to keep the Department apprised of relevant and significant developments.

Another factor this Court is obligated to consider when determining whether to annul an administrative penalty is "the prospect of deterr[ing]" others from doing what the individual being penalized did (*id.* at 234; *see Kostika v Cuomo,* 41 NY2d 673, 677 [1977]). The majority has, in effect, determined that a Program participant, found to have inexcusably failed to fulfill two of her obligations, should not suffer the penalty of termination from participation in the Program. Annulling the penalty in this case hardly serves to deter other Program participants from shirking their responsibility to provide the Department and like agencies with updated financial information and

prompt notice of vacant apartments. Rather, annulling the penalty in this case creates a concern that Program participants will begin perceiving the Department and like agencies as administrative bodies only empowered to impose toothless penalties for noncompliance with Program requirements.

Upon consideration of all the relevant factors, I cannot conclude that the penalty imposed here is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d at 776; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 237). Accordingly, I would deny the petition in its entirety and dismiss the proceeding.