■ In the Matter of JUANITA MATOS, Appellant, v TINO HER-NANDEZ, as Chairman of the New York City Housing Authority et al., Respondents. [912 NYS2d 49]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered June 11, 2009, denying the petition to vacate and annul a June 2008 determination of respondent New York City Housing Authority (NYCHA), which, after a hearing, conditioned petitioner's eligibility for continued occupancy in public housing on the permanent exclusion of her son from the household, unanimously modified, on the law, the penalty of permanent exclusion vacated, and the matter remanded to respondent for imposition of a lesser penalty, and otherwise affirmed, without costs.

A finding of nondesirability may support the penalty of permanent exclusion of a tenant or household member who engages in criminal activity, particularly involving drugs or violence, which poses a serious threat of danger to the health or safety of other residents or employees (see Matter of Featherstone v Franco, 95 NY2d 550 [2000]; Matter of McLurkin v Hernandez, 44 AD3d 496 [2007]; Matter of Gibson v Blackburne, 201 AD2d 379 [1994]). In reviewing an administrative action, the court must uphold the sanction imposed unless it is so disproportionate to the offense as to shock the judicial conscience, thus constituting an abuse of discretion as a matter of law (Featherstone, 95 NY2d at 554).

However, the hearing officer made no finding that Hernandez posed any threat to NYCHA's residents or employees, and specified that he would continue to be permitted to visit the apartment. The permission to visit was supported by the record that both petitioner, an elderly woman with disabilities, and

Hernandez's own young son who is an authorized member of the household, rely on Hernandez to assist them in daily living. Hernandez is the sole custodian and primary caregiver for his child, who suffers from chronic asthma and a heart condition. Although Hernandez was convicted of two misdemeanors in 2007, he had no prior criminal record and has an unblemished record of compliance with NYCHA rules and regulations over the 23 years he has lived in public housing. Under these circumstances, the permanent exclusion of this crucial member of the household shocks the conscience of the court (*see Matter of Vazquez v New York City Hous. Auth. [Robert Fulton Houses]*, 57 AD3d 360 [2008]; *Matter of Spand v Franco*, 242 AD2d 210 [1997], *lv denied* 92 NY2d 802 [1998]). Some lesser sanction is warranted (*Matter of Peoples v New York City Hous. Auth.*, 281 AD2d 259 [2001]). Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31275(U).]**