■ In the Matter of REGINA WISE, Petitioner, v RICARDO ELIAS MORALES, Respondent. [925 NYS2d 479]—

Determination of respondent, dated January 7, 2009, which terminated petitioner's tenancy based upon findings that she misrepresented that she was unemployed and failed to report employment income on her affidavits of income, unanimously modified, on the law, to vacate the penalty of termination and remand the matter to respondent for the imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered November 23, 2009) otherwise disposed of by confirming the remainder of the determination, without costs.

Termination of petitioner's tenancy, under the circumstances was "so disproportionate to the offense," underpayment of rent, "in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]).

We have stated that "[t]he forfeiture of public housing accommodations is a drastic penalty because, for many of its residents, it constitutes a tenancy of last resort" (*Matter of Holiday v Franco*, 268 AD2d 138, 142 [2000]). The article 78 court found that termination of petitioner's tenancy was not an excessive penalty because petitioner had concealed income. However, evicting a tenant and her family on account of concealment of income may nonetheless, under the circumstances presented, constitute an unjustifiable penalty. In *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.* (58 AD3d 418, 419 [2009]), this Court found that the eviction of a tenant who had concealed income was "shockingly disproportionate to the offense," stating: "[The Department of Housing Preservation and Development's] finding that petitioner intentionally failed to disclose her son's SSI benefits is supported by substantial evidence and has a rational basis in the record. The penalty of termination of the rent subsidy is shockingly disproportionate to the offense, however, since it will likely lead to homelessness for petitioner, a 25-year tenant, and the three minor children who live with her, one of whom is disabled" (citations omitted).

This is not an isolated holding. In *Matter of Gray v Donovan* (58 AD3d 488 [2009]), we found termination of the petitioner's housing subsidy to be "shockingly disproportionate to the offense," of failure to report income earned by two adult children, where the petitioner had lived in the building for more than 30 years and had no record of any prior offenses, and the record indicated that termination of the subsidy would likely lead to homelessness for her and her 13-year-old son.

In *Matter of Williams v Donovan* (60 AD3d 594 [2009]), we vacated the penalty of termination of a housing subsidy and remitted for imposition of a lesser penalty for the tenant's failure to report income earned by an adult son, where the petitioner had resided in the apartment for 28 years and had an unblemished tenancy.

In *Matter of Vazquez v New York City Hous. Auth. (Robert Fulton Houses)* (57 AD3d 360 [2008]), we vacated the penalty of termination where the tenant, who was chronically delinquent in rent payments and had been charged with unauthorized use

of an ATM card, made restitution of the amounts due to the complainant, had no prior criminal record, and cared for a family member with disabilities.

Petitioner did not intentionally violate her obligations as a tenant. Petitioner's formal education ended in the sixth grade. She was a poor student who had failed reading. At the age of 14, she gave birth to her first child, who subsequently succumbed to crib death. She did not return to school, nor did she work. At the age of 15, she gave birth to her second child.

Petitioner was functionally illiterate and required aid in completing her annual recertification documentation. She relied upon a housing assistant to complete the form which she simply "signed and dated." Petitioner was unaware that she had an obligation to report her income, as it was never explained to her. She was never told to report her income as a lunch aide, even when, in 2002, she presented her pay stub to respondent's employee.

Petitioner has at all times been willing to repay all outstanding arrears. She fully cooperated with respondent, executing a confession of judgment and a separate stipulation as to monies owed the housing authority. Petitioner, a part-time lunch aide with the New York City Department of Education, was suspended while the criminal charges were pending against her, placing further financial strain upon the family.

Like the tenants in the cited cases, petitioner has admitted to underreporting income and has made every effort to cure the violation. Termination of her tenancy would have severe consequences not only for petitioner but for the three children she supports, all of whom face homelessness in the event of eviction. Since the penalty is "shockingly disproportionate to the offense," we hereby vacate the penalty and remand for imposition of a lesser penalty. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.