■ In the Matter of Ivana Paul, Petitioner, v New York City Housing Authority, Respondent. [932 NYS2d 477]—

Petitioner began receiving a Section 8 rent subsidy in about April 2000. In about September 2006, respondent NYCHA determined that between May 2001 and March 2005, petitioner had failed to report over $25,000 in income. As a result, NYCHA calculated that it had overpaid Section 8 rent subsidies during that period by a total of $6,412. On September 28, 2006, the parties entered into a stipulation wherein petitioner acknowledged the overpayment of $6,412, and agreed to repay that sum at the rate of $120 per month, until fully repaid. Petitioner further acknowledged that if she should miss any payment, the entire sum would become due and NYCHA could commence proceedings to terminate her Section 8 subsidy.

In 2007, petitioner, the victim of domestic violence, left the apartment. She resided in women's shelters for a period of approximately 2½ years. During this time, she retained her Section 8 voucher. Between September 2006 and January 2010, petitioner paid $1,850 of the $4,800 due over that period, leaving a balance of $4,562.

On December 2, 2009, NYCHA sent petitioner a warning letter informing her of the outstanding balance and advising her to pay immediately, as well as a notice of termination of her Section 8 subsidy. On January 11, 2010, NYCHA sent petitioner a final notice of default and termination of the Section 8 subsidy. On June 10, 2010, NYCHA held a hearing to review the termination. Petitioner participated at the hearing without the assistance of counsel. The housing assistant who testified on behalf of NYCHA stated that petitioner's current gross annual household income was $13,728, consisting of Social Security and SSI benefits. When petitioner attempted to question the housing assistant's testimony as to her current income, the hearing officer informed her that the only issue in the hearing was whether she had failed to make the payments required by the stipulation. Petitioner asserted that she did not know why she owed the monies due under the stipulation, claiming that she had "never even asked [any] questions," but had "just paid what [she] could pay, when [she] could pay."

The hearing officer sustained the charge that petitioner failed to honor the stipulation, finding that petitioner owed a balance of $4,562. A final determination terminating petitioner's Section 8 benefits was issued on or about July 7, 2010.

By verified petition sworn to on July 26, 2010, petitioner commenced this article 78 proceeding pro se. Petitioner contended that the termination should be "reversed" because she "d[id]n't understand how" the fact that the agency had overpaid her subsidy was "on [her]." Petitioner appended, inter alia, copies of two letters from the Taxpayer Advocate Service (an arm of the Internal Revenue Service), indicating that her social security number had been used by another taxpayer, and that income had been wrongly attributed to her during tax year 2006. The letters indicated that a correction had been done on tax year 2006 to show no income for that year. NYCHA filed a verified answer generally denying the allegations of the petition. Finding that the petition raised questions of substantial evidence, Supreme Court transferred the article 78 proceeding to this Court pursuant to CPLR 7803 (4) and 7804 (g).

We find that NYCHA's determination to terminate petitioner's rent subsidy was not supported by substantial evidence, and accordingly should be annulled. The record shows that petitioner had been the victim of identity theft during the tax year 2006, and thus, that the parties were operating under a mistake as to the amount of petitioner's income.

Like any other contract, a stipulation may be rescinded or reformed where there has been "fraud, collusion, mistake or accident" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]). The stipulation herein was entered into under a mutual mistake concerning petitioner's income. Any such stipulation memorializing petitioner's obligation to repay alleged overpayments, based on an erroneous figure reported for her income, was thus void. The finding that petitioner failed to make required payments pursuant to a void stipulation lacks a rational basis and must be annulled.

Even if we were to find that the award had a rational basis, termination of petitioner's tenancy was "so disproportionate to the offense," underpayment of rent, "in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]).

The record establishes that petitioner is disabled and must undergo dialysis three times per week. Due to her condition,

she has been unable to work for the last seven years. Petitioner's social worker submitted letters stating that due to her medical condition, petitioner required safe, clean and affordable housing so as to reduce the chance of recurring infection and hospitalization. Termination of petitioner's subsidy would have severe consequences not only for petitioner, but for the minor son she supports, both of whom face homelessness or an unstable life in the shelter system in the event of termination.

We have considering NYCHA's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31684(U).]**