█ In the Matter of AUDREY ALEXANDER, Respondent, v JOHN B. RHEA, Appellant, et al., Respondent. [935 NYS2d 323]—

Judicial review of the determination of an administrative agency pursuant to CPLR article 78 is limited to questions expressly identified by statute and includes the question of whether the determination was "arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed" (CPLR 7803 [3]). Insofar as applicable here, the statute authorizes the court to "set aside a determination by an administrative agency, only if the measure of punishment or discipline imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]

[internal quotation marks omitted]; *see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775 [2004]; *Matter of Featherstone v Franco*, 95 NY2d 550 [2000]). A result may be "shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 234).

Here, the New York City Housing Authority (hereinafter NYCHA) terminated the petitioner's participation in its Section 8 Housing Choice Voucher Program based on alleged violations of federal regulations which provide that, under the program, members of an assisted family may not receive Section 8 tenant-based assistance while receiving another housing subsidy under any duplicative housing assistance program (*see* 24 CFR 982.551 [n]). The evidence presented at the administrative hearing established that the petitioner was an NYCHA Section 8 subsidy recipient for an apartment on Neptune Avenue in Brooklyn during a period of time that she received, as head of household, a New York City Department of Housing Preservation and Development (hereinafter HPD) Section 8 subsidy for an apartment on West 30th Street in Brooklyn. The petitioner's mother lived in the West 30th Street apartment, along with the petitioner's two disabled brothers, until the time of the mother's death. Shortly after her mother's death, the petitioner completed recertification documents listing herself as the head of household at the West 30th Street apartment, while she resided at, and received rent subsidy for, the apartment on Neptune Avenue. The petitioner maintained that she did not intend to defraud HPD or NYCHA. Moreover, the petitioner maintained that she received no benefit from the receipt of the subsidy related to the West 30th Street apartment, in which her two brothers resided, and that absent the Section 8 voucher payment, she did not have the ability to pay rent for the Neptune Avenue apartment, in which she lived with her 19 year-old learning disabled son. Under these circumstances, the Supreme Court properly found that the penalty imposed by NYCHA was shockingly disproportionate to the petitioner's offense (*see Matter of Gist v Mulligan*, 65 AD3d 1231 [2009]; *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418 [2009]; *Matter of Sicardo v Smith*, 49 AD3d 761 [2008]; *Matter of Riggins v Lannert*, 18 AD3d 560 [2005]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]).

NYCHA's remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.