█ In the Matter of Nora Chierchia, Petitioner, v New York City Housing Authority, Respondent. [938 NYS2d 559]—

The penalty of termination of petitioner's Section 8 subsidy is disproportionate to the offense under the circumstances (see *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Although petitioner does not challenge the finding that she had vacated her subsidized apartment without prior approval from NYCHA, petitioner did not act in bad faith, or with the intent to defraud NYCHA.

The evidence shows that petitioner temporarily relocated from her apartment (unit 3I) to another unit (unit 2I), while the landlord performed repairs to her apartment. The two apartments are identical but for the location on different floors. The work was done about one or two weeks later. At that point, petitioner asked to remain in unit 2I because it was more convenient for her, given her medical conditions. Approximately three weeks following the move, petitioner voluntarily went to the NYCHA office to explain her situation and to ask if she could remain in unit 2I, believing it would not be a problem since the apartment was in the same building and was identical. While NYCHA argues that petitioner could have cured the violation by returning to the subsidized apartment, there is nothing in the record showing that petitioner was so advised.

Moreover, the record shows that petitioner, whose sole source of income was social security disability, had received a subsidy for 15 years, had lived in the subject apartment for four years, and had never breached any rules before this violation (see e.g. *Matter of Williams v Donovan*, 60 AD3d 594 [2009]; *Matter of Gray v Donovan*, 58 AD3d 488 [2009]). Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.