■ In the Matter of LINDA DUROSEAU, Appellant, v RAFAEL E. CESTERO, Respondent, et al., Respondent. [954 NYS2d 565]—

In a proceeding pursuant to CPLR article 78 to review a determination of Rafael E. Cestero, as Commissioner of the New York City Department of Housing Preservation and Development, dated December 29, 2009, which, upon a finding that the petitioner failed to report income earned by her adult daughter, made after a hearing, terminated the petitioner's benefits under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]), the petitioner appeals from a judgment of the Supreme Court, Kings County (Schack, J.), dated January 31, 2011, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the penalty of

termination is vacated, and the matter is remitted to Rafael E. Cestero, as Commissioner of the New York City Department of Housing Preservation and Development, for the imposition of a lesser penalty.

"An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (*Matter of Idahosa v Farmingdale State Coll.*, 97 AD3d 580, 581 [2012], *lv denied* 19 NY3d 813 [2012]; *see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775 [2004]). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]; *see Matter of Idahosa v Farmingdale State Coll.*, 97 AD3d at 581).

Here, the petitioner failed to report the income earned by her adult daughter who, although a member of the petitioner's household, was attending college out-of-state. However, there is no indication in the record of what impact the petitioner's failure to report her adult daughter's income had, if any, on the amount of her housing subsidy (*see Matter of Gray v Donovan*, 58 AD3d 488 [2009]). Under the particular circumstances of this case, including, inter alia, the fact that the petitioner has resided in the subject apartment for a number of years with her other two children, we find the penalty of terminating the petitioner's Section 8 rent subsidy to be so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Gray v Donovan*, 58 AD3d at 488; *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418, 419 [2009]; *Matter of Sicardo v Smith*, 49 AD3d 761, 762 [2008]).

The petitioner's remaining contention is unpreserved for appellate review.

Accordingly, the matter must be remitted to Rafael E. Cestero, as Commissioner of the New York City Department of Housing and Development, for the imposition of a lesser penalty. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.