In the Matter of ABRAM BAUMAN et al., Petitioners, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [957 NYS2d 318]—

Substantial evidence supports the determination that petitioners, an elderly married couple, violated DHCR's policy requiring truthful and complete reporting of family composition on its recertification forms. However, the finding that Mr. Bauman is indebted to DHCR for the total amount of subsidy paid since October 1, 2007, when he vacated the unit pursuant to the couple's separation, is not supported by substantial evidence. The evidence shows that from the time it was first awarded, the subsidy was provided to assist both petitioners to live in the unit. The hearing officer found that Mrs. Bauman continued to reside in the unit at all times, and it is undisputed that she fulfilled all of her other obligations with respect to the unit and that there were no other problems with her tenancy. In addition, DHCR's witnesses testified that Mrs. Bauman had the right to remain in the unit alone, and that since she remained individually eligible for the subsidy, if she and her husband had complied with the rules and reported that she was the sole occupant of the unit, she would have received a higher subsidy, based on her income alone. Hence, the evidence establishes that DHCR did not suffer the claimed financial loss in the amount of the full value of the subsidy.

When DHCR staff discovered the discrepancy and explained the seriousness of the problem to petitioners with the aid of a Russian-speaking case manager, petitioners immediately admitted their mistake in continuing to fill out the recertification forms after they separated in the same manner as before. They maintain that they did not mean to defraud the agency, but they did not understand the rules, in part because of language and cultural barriers. A DHCR caseworker testified that she understood that they required help to fill out the forms and

that they signed the paperwork after it was prepared by others. We note that in confirming the determination, the hearing officer, who heard testimony from both petitioners via translators, did not make any credibility determinations, but found instead that the inaccurate recertifications alone violated the agency's rules. We further note that both petitioners are elderly and disabled, that their only source of income is disability, and that undisputed medical evidence establishes that they suffer from serious, chronic, and deteriorating physical and mental health conditions, which have compromised Mr. Bauman's vision and Mrs. Bauman's mental faculties, and that the latter two conditions may have contributed to the recertification violations.

Under these circumstances, we find that the penalty of termination, which would likely render petitioners homeless, is excessive and shockingly disproportionate to what the evidence shows was essentially a technical offense. Hence, we remand for imposition of a lesser penalty (*see e.g. Matter of Paul v New York City Hous. Auth.*, 89 AD3d 520 [1st Dept 2011], *lv denied* 18 NY3d 808 [2012]; *Matter of Wise v Morales*, 85 AD3d 571 [1st Dept 2011], *lv denied* 18 NY3d 808 [2012]; *Matter of Williams v Donovan*, 60 AD3d 594 [1st Dept 2009]; *Matter of Gray v Donovan*, 58 AD3d 488 [1st Dept 2009]). Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.