■ In the Matter of JOHN SMITH III et al., Petitioners, v TUCKAHOE HOUSING AUTHORITY et al., Respondents. [973 NYS2d 804]—

Proceeding pursuant to CPLR article 78 to review a determination of the Tuckahoe Housing Authority dated January 14, 2012, which, after a hearing, found that the petitioners had violated paragraph 7 (11) of their lease and terminated their tenancy.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as terminated the tenancy is vacated, the petition is otherwise denied, the determination is otherwise confirmed on the merits, and the matter is remitted to the respondent Tuckahoe Housing Authority for the imposition of a lesser penalty.

The determination of the Tuckahoe Housing Authority (hereinafter the THA) that the petitioners violated paragraph 7 (11) of their lease was supported by substantial evidence (*see Matter of Marcus v New York City Hous. Auth.*, 106 AD3d 1088 [2013]; *Matter of Bond v Howard Houses [NYCHA]*, 89 AD3d 730 [2011]).

An administrative agency abuses its discretion when it imposes a punishment that is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974], quoting *Matter of McDermott v Murphy*, 15 AD2d 479 [1961], *affd* 12 NY2d 780 [1962]; *see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]). "A result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 234). The penalty must shock the judicial conscience as a matter of law (*see Matter of Rutkunas v Stout*, 8 NY3d 897 [2007]). In other words, this Court "has no discretionary authority or interest of justice jurisdiction" to review the penalty imposed by the agency (*Matter of Torrance v Stout*, 9 NY3d 1022, 1023 [2008]).

Here, on multiple occasions, the petitioner John Smith III (hereinafter John) had confrontations with employees of the THA which interfered with the "decent, safe and sanitary"

condition of the housing project. However, while employees of the THA reported feeling frightened of John because of his intimidating conduct, none of the incidents involved any violence. Prior to the incidents at issue, spanning a 14-month period, John and his wife, the petitioner Marlene Smith (hereinafter Marlene), had lived at this residence for more than 25 years without any complaints. Marlene was not involved in any of these incidents, and she encouraged John to seek counseling. Since the incidents, John has acknowledged that he has "anger issues," sought the assistance of a psychiatrist, and participated in anger management therapy. If their lease is terminated, the petitioners will likely be left homeless. John, who suffers from several serious medical conditions, receives disability payments, while Marlene works only part-time. Under these circumstances, we conclude that the termination of the petitioners' lease was so disproportionate to the offense committed as to be shocking to the judicial conscience as a matter of law (*see Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418 [2009]; *Matter of Sicardo v Smith*, 49 AD3d 761 [2008]; *Matter of Peoples v New York City Hous. Auth.*, 281 AD2d 259 [2001]; *Matter of Sanders v Franco*, 269 AD2d 118 [2000]). Accordingly, we remit the matter to the THA for the imposition of a lesser penalty.

The petitioners' remaining contention is without merit. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.