■ In the Matter of Sammie Adamson, Petitioner, v New York City Department of Housing Preservation and Development, Respondent. [30 NYS3d 546]—

Determination of respondent, dated October 24, 2014, which terminated petitioner's Section 8 subsidy on the ground that he misrepresented his family composition, unanimously modified, on the law, to vacate the penalty of termination, and to remand the matter to respondent for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered Apr. 17, 2015), otherwise disposed of by confirming the remainder of the determination, without costs.

The finding that petitioner misrepresented the composition of his household is supported by substantial evidence, which included petitioner's testimony (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). However, the penalty of termination of petitioner's Section 8 subsidy is disproportionate to the offense under the circumstances. Although petitioner acknowledged that his granddaughter did not reside with him at least 51% of the time, his granddaughter did stay with him weekends and when her terminally ill mother was in the hospital. Petitioner is 71 years old, has decreased mobility, has household income that is insufficient to cover his unsubsidized rent, had no prior incidents, and there was no evidence of an intent to defraud respondent (*see e.g. Matter of Bauman v New York State Div. of Hous. & Community Renewal*, 101 AD3d 633 [1st Dept 2012]; *Matter of Chierchia v New York City Hous. Auth.*, 92 AD3d 587 [1st Dept 2012]; *Matter of Williams v Donovan*, 60 AD3d 594 [1st Dept 2009]; *Matter of Gray v Donovan*, 58 AD3d 488 [1st Dept 2009]).

On remand, respondent should calculate the amount of excess subsidy received by petitioner, if any (*see Williams* at 595). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.