■ In the Matter of ALVIN WASHINGTON, Petitioner, v JOSEPH SHULDINER, as Executive Director of the Municipal Housing Authority for the City of Yonkers, et al., Respondents. [54 NYS3d 87]—

Proceeding pursuant to CPLR article 78 to review a determination of the Municipal Housing Authority for the City of Yonkers dated March 23, 2015, which, after a hearing, found that the petitioner violated paragraphs 8 (B), 8 (C) (1), and 20(A) (14) of his lease, and terminated his tenancy.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found that the petitioner violated paragraph 8 (C) (1) of the lease and terminated the petitioner's tenancy is annulled, the petition is otherwise denied, the determination is otherwise confirmed on the merits, the proceeding is otherwise dismissed, and the matter is remitted to the respondent Municipal Housing Authority for the City of Yonkers for the imposition of a lesser penalty.

The petitioner received an amended one-month notice to remove dated November 24, 2014, alleging that he violated certain provisions of his lease with the respondent Municipal

Housing Authority for the City of Yonkers (hereinafter MHA). The notice alleged that the petitioner violated paragraph 8 (B) of the lease by failing to pay charges imposed for additional appliances, paragraph 20 (A) (14) by failing to act in a cooperative manner with MHA employees, and paragraph 8 (C) (1), which prohibited the installation of additional locks upon any door without the written consent of MHA. The petitioner filed a request for a hearing, and following the hearing, the hearing officer concluded that the petitioner violated the provisions of the lease cited in the amended one month notice to remove, and terminated his tenancy. The petitioner commenced this CPLR article 78 proceeding challenging the administrative determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

The determination that the petitioner violated paragraph 8 (C) (1) of the lease was not supported by substantial evidence, as no evidence was submitted to support the allegation that the petitioner installed an additional lock on any door to, or inside, his apartment (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). However, the determination that the petitioner violated paragraphs 8 (B) and 20 (A) (14) of the lease was supported by substantial evidence (*see id.* at 180).

"An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (*Matter of Idahosa v Farmingdale State Coll.*, 97 AD3d 580, 581 [2012]; *see* CPLR 7803 [3]). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]; *see Matter of Alexander v Rhea*, 90 AD3d 1041, 1042 [2011]). "The penalty must shock the judicial conscience as a matter of law" (*Matter of Smith v Tuckahoe Hous. Auth.*, 111 AD3d 642, 643 [2013]; *see Matter of Rutkunas v Stout*, 8 NY3d 897, 898 [2007]).

Here, the penalty of termination of the petitioner's tenancy with respect to the violation of paragraph 8 (B) seeking payment of fees related to the additional appliances in the petitioner's apartment was disproportionate to the violation

(*see Matter of Riggins v Lannert*, 18 AD3d 560 [2005]). With respect to the violation of paragraph 20 (A) (14), although the MHA presented testimony from two of its employees that, on a number of occasions, the petitioner was belligerent and confrontational with them and other members of the staff, none of the incidents involved any violence or threats of violence. Moreover, the petitioner testified that he was unable to work due to medical impairments, could not afford private housing, and did not have any family members with whom he could live. Therefore, if the petitioner's lease was terminated, he would most likely be rendered homeless. Under these circumstances, the termination of the petitioner's tenancy was so disproportionate to the violations as to be shocking to the judicial conscience as a matter of law (*see Matter of Smith v Tuckahoe Hous. Auth.*, 111 AD3d at 644).

Accordingly, we grant the petition to the extent that so much of the determination as found that the petitioner violated paragraph 8 (C) (1) of the lease and terminated the petitioner's tenancy is annulled, otherwise deny the petition, confirm the determination on the merits, and dismiss the proceeding, and remit the matter to MHA for the imposition of a lesser penalty. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.