■ In the Matter of GERALD SHORTT, Petitioner, v DEBORAH PRITCHETT, Executive Director of the City of New Rochelle Section 8 Housing Choice Voucher Program, et al., Respondents.
[63 NYS3d 99]—

Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the City of New Rochelle Section 8 Housing Choice Voucher Program dated February 3, 2015, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [o]).

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as confirmed the penalty of termination is vacated, the petition is otherwise denied, the determination is otherwise confirmed on the merits, and the matter is remitted to the respondents for the imposition of a lesser penalty.

The petitioner has been a participant in the Section 8 Housing Choice Voucher Program (42 USC § 1437f [o] [hereinafter the Program]) since 1999. On August 19, 2013, he was involuntarily hospitalized for mental illness, from which he has long suffered. He remained hospitalized until April 29, 2014. By letter dated March 17, 2014, the respondent City of New Rochelle Section 8 Housing Choice Voucher Program (hereinafter the Agency) advised the petitioner that his participation in the Program would be terminated effective April 1, 2014, on the ground that he had been absent from his apartment (hereinafter the unit) for more than 180 days, and that he had failed to notify the Agency of his absence in violation of his obligations under the Program (*see* 24 CFR 982.312 [d] [1]; 982.551 [i]).

The petitioner requested a hearing (*see* 24 CFR 982.555) and also asked for a reasonable accommodation under the Fair Housing Act (42 USC § 3601 *et seq.*), waiving the requirement that he was supposed to have given the Agency notice of his absence from the unit and reinstating his participation in the Program. At the hearing, the respondent Deborah Pritchett, Executive Director of the City of New Rochelle Section 8 Housing Choice Voucher Program, acknowledged that it was possible to terminate a particular housing contract, but a participant could remain in the Program and resume housing assistance, when, for example, the participant was hospitalized

for a period of time. Nonetheless, following the hearing, a hearing officer determined that the Agency was obligated to terminate the petitioner's participation in the Program under the circumstances, and therefore confirmed the termination of the petitioner's participation in the Program. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination and reinstate his participation in the Program. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Under the Program, Housing and Urban Development (hereinafter HUD), through local public housing agencies, pays rental subsidies so that eligible participants "can afford decent, safe, and sanitary housing" (24 CFR 982.1 [a] [1]). The Agency administers the Program in its locality, and is obligated to comply with the regulations promulgated by HUD (see 24 CFR 982.153). As relevant here, those regulations prohibit participants from being absent from the subsidized housing unit for a period of more than 180 consecutive calendar days (see 24 CFR 982.312 [a]), and require the participant to "promptly notify" the local agency of absence from the unit (24 CFR 982.312 [d] [1]; 24 CFR 982.551 [i]). In the event a participant is absent from the unit for longer than the maximum period permitted, the regulations require that the contract between the Agency and the landlord and the payments thereunder terminate, as well as the assisted lease between the participant and the landlord (see 24 CFR 982.312 [b]).

Here, upon the petitioner's extended absence from the assisted unit, the Agency concluded that, in addition to terminating the payments, the contract, and the lease, it was also obligated to terminate the petitioner's program assistance. The petitioner contends, among other things, that the Agency's conclusion was erroneous and that the penalty of termination of program assistance was so shockingly disproportionate to the offense committed as to warrant vacatur as a matter of law. We agree.

It is undisputed that once the petitioner was absent from the assisted unit for more than the maximum period allowed, the lease on the unit and the contract between the Agency and the landlord terminated, and the Agency was obligated to stop making payments thereunder (see 24 CFR 982.312). However, the relevant regulation does not mandate termination of program assistance to the participant. To the contrary, it expressly contemplates possible "resumption of assistance after an absence" by the participant (24 CFR 982.312 [e] [2]). Termination of program assistance for a participant is set forth

in 24 CFR 982.552, which provides circumstances in which termination of program assistance is mandatory (*see* 24 CFR 982.552 [b]), and circumstances in which termination is permissible by the agency (*see* 24 CFR 982.552 [c]). A participant's violation of an obligation under the Program provides a ground which authorizes, but does not compel, an agency to terminate program assistance (*see* 24 CFR 982.552 [c] [1] [i]).

The petitioner's obligations under the Program included the duty to "promptly notify" the Agency of his absence from the unit (24 CFR 982.551 [i]). Consequently, his failure to promptly notify the Agency of his absence from the unit when he was involuntary hospitalized was a violation of his obligations under the Program (*see* 24 CFR 982.551 [i]), which provided a ground authorizing, but not requiring, the Agency to terminate program assistance for the petitioner (*see* 24 CFR 982.552 [c] [1] [i]). Where an agency finds that there is a ground which would authorize it to terminate program assistance, the regulations direct the agency to consider whether the circumstances warrant such termination, including the "culpability" of the participant, and "mitigating circumstances related to [a] disability" (24 CFR 982.552 [c] [2] [i]).

Here, the determination that the petitioner had violated his obligations under the Program was supported by substantial evidence (*see* CPLR 7803 [4]). However, it is undisputed that the petitioner's violation of his obligations was due to the fact that he had been involuntarily hospitalized because of his mental illness and was not capable of notifying the Agency of his absence, and thus there was no "culpability" in his violation of the obligation of notifying the Agency. Under these circumstances, the penalty imposed was so disproportionate to the offense committed as to be shocking to the judicial conscience as a matter of law (*see Matter of Washington v Shuldiner*, 150 AD3d 745 [2017]; *Matter of Smith v Tuckahoe Hous. Auth.*, 111 AD3d 642 [2013]; *Matter of Alexander v Rhea*, 90 AD3d 1041 [2011]; *Matter of Gist v Mulligan*, 65 AD3d 1231 [2009]; *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418 [2009]; *Matter of Sicardo v Smith*, 49 AD3d 761 [2008]; *Matter of Riggins v Lannert*, 18 AD3d 560 [2005]; *Matter of Brown v Lannert*, 272 AD2d 323 [2000]). Accordingly, we remit the matter to the respondents for the imposition of a lesser penalty.

The petitioner's remaining contention need not be reached in light of our determination. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.